Sierra, Plaintiff and Appellant, *v.* Noble et al.,
Defendants and Appellees.

Appeal from the District Court of San Juan in an Action
to Recover Personal Property.

No. 2198.—Decided June 25, 1921.

Pledge—Delivery—Third Person—Contract.—If a thing pledged by the debtor
is not actually deposited with the creditor or with a third person agreed
upon by both, as required by section 1764 of the Civil Code, a person who
purchases it from the owner in good faith must be protected in his right
of ownership. The delivery of the thing is not a consequence, but the very
essence of the contract.

The facts are stated in the opinion.

*Mr. J. Martínez Dávila* for the appellant.

*Mr. H. G. Molina* for the appellees.

Mr. Chief Justice Hernández delivered the opinion of
the court.

This is an appeal by the plaintiff, Juan Sierra Alvira,
from a judgment of the District Court of San Juan, Section
1, of August 28, 1919, dismissing the complaint against W. D.
Noble and F. F. Harding in an action for the recovery of a
carrousel (merry-go-round).

It was alleged in the complaint that by a public instrument
of June 8, 1919, the plaintiff, Juan Sierra Alvira, and Free-
man L. Bernstein entered into a contract by which the latter
pledged a carrousel belonging to him to the former as se-
curity for the payment of a debt; that W. D. Noble, one of
the defendants, was designated as the depositary of the car-
rousel, and that Noble consented that the other defendant,
F. F. Harding, should take possession of it and operate it,
to the prejudice of the interests of the plaintiff and of the
owner, Bernstein.

Defendant Noble did not answer the complaint and his
default was entered on April 26, 1919.

The other defendant, Harding, answered the complaint,
denying its material allegations and alleging the following:

First: That on or about the 25th day of July, 1918, he pur-
chased from Freeman L. Bernstein the carrousel in suit and
took possession of it without any knowledge whatever of any
contract of pledge or other contract between Bernstein and
the plaintiff, or that defendant W. D. Noble or any other
person claimed to be the depositary of the said carrousel.
Second: That, according to information and belief, on June
8, 1918, when the pledge contract mentioned in the complaint
was entered into, Freeman L. Bernstein was not the owner
of the said carrousel, for he did not become the owner of
it until on or about the 20th of June, 1918.

After a trial the court delivered the following opinion
in support of the judgment:

"The facts as they appear from the evidence are as follows: In
a public instrument executed before notary Francisco Soto Gras
on June 8, 1918, Freeman L. Bernstein acknowledged that he owed
the plaintiff, Juan Sierra Alvira, a debt of one thousand five hun-
dred and sixty-seven dollars and in order to secure the payment
of that sum he pledged to Sierra Alvira a carrousel, or merry-go-
round, which he said was his property and which he was operating
in the ward of Puerta de Tierra, San Juan. In the same instrument
the creditor and the debtor agreed that the carrousel should be placed
in the possession of W. D. Noble as depositary, Noble accepting the
trust. It was not proved that Noble took and held possession of
the carrousel; but on the contrary, the evidence showed that he
went to the place where the carrousel was being operated and left
it in the possession of and under the control of Freeman L. Bern-
stein, who continued to use and operate it. Bernstein sold the said
carrousel to defendant F. F. Harding on July 25, 1918, and there
is not the slightest evidence that Harding knew of the transaction
between Bernstein and Sierra Alvira, or that he could in any man-
ner infer that the carrousel was in the possession of anybody except
Bernstein. The court believes that the carrousel was purchased by
Harding in good faith. As to the evidence that on June 8, 1918,
the carrousel was the property of Bernstein, the court finds that
no showing has been made of that fact; but, on the contrary, a docu-
ment introduced by the defendant (Exhibit 2) establishes the pre-
sumption that the carrousel was acquired by Bernstein on June 21,

1918. The plaintiff brought this action to recover the carrousel from the defendants. Among the conditions essential to a contract of pledge are these:—1. That the thing pledged is owned by the person who pledges it. Subdivision 2 of section 1758 of the Civil Code.— 2. That the pledge should be placed in possession of the creditor, or of a third person by common consent. Section 1764 of the Civil Code. In this case the court finds no evidence of these two essential elements, and in such circumstances it can not render a judgment prejudicial to the third person who in good faith acquired the property pledged. The complaint must be dismissed."

The appellant alleges that the District Court of San Juan erred in finding that the property pledged was not placed in the possession of the depositary, W. D. Noble.

We have examined the evidence introduced by the plaintiff on that point, consisting of the testimony of plaintiff Juan Sierra Alvira and defendant W. D. Noble and find that no such error was committed. It is true that both witnesses testified that Noble took possession of the carrousel, but their testimony was so vague that neither of them could say that he took possession on the same day on which the contract was made, Noble admitting that as he had to go to the country he left Bernstein in charge of the carrousel. The fact that Harding took possession of the carrousel, as he states, without any participation on the part of Noble, and other details of the testimony of the said witnesses justify the conclusion reached by the trial court in the exercise of the power conferred upon it by section 21 of the Law of Evidence of March 9, 1905. And in so weighing the evidence the court did not, as the appellant maintains, infringe section 1186 of the Civil Code which provides that a public instrument is evidence, even against a third person, of the fact which gave rise to its execution and of the date of its execution, for the court recognized the lawful efficiency of the contract of June 8, 1918, in all of its parts and only denied that the carrousel was delivered to W. D. Noble, about which delivery or possession the said contract was necessarily silent.

It is also alleged by the appellant that the court erred in finding that the property referred to in the contract of pledge did not belong to Freeman L. Bernstein on the day of the execution of the contract; that it also erred in holding that the cablegram offered in evidence by defendant Harding on this point established the presumption that the carrousel was acquired by Bernstein on June 21, 1918, and that it likewise erred in admitting the said cablegram in evidence.

Whether or not the court so erred, the judgment would be sustained by the fact that it was not shown that the carrousel was really deposited with W. D. Noble.

Section 1764 of the Civil Code makes it an indispensable requisite to a contract of pledge that the thing pledged should be placed in the possession of the creditor, or of a third person by common consent. This provision is clear, and the Supreme Court of Spain held in its judgment of November 4, 1898, that the requirement of section 1863 of the Civil Code (1764 of the Revised Code) is not complied with when the thing pledged is left in the possession of the debtor and not placed in the possession of the creditor, or of a third person not a party to the contract. The Supreme Court of the Philippine Islands held similarly in the case of *McMicking* v. *Martínez et al.,* 15 Phil. Rep. (Eng. ed.), 204.

And the American courts have laid down a similar rule: "Under both the civil and the common law it is necessary to the validity of a pledge that possession of the pledged property be delivered to the pledgee, or to someone for him. Delivery of the thing is not a consequence, but the very essence of the contract." 31 Cyc. 799. And this is reasonable, for the possession by the depositary serves as a notice to third persons that the owner can not dispose of the property to the prejudice of the person to whom it has been pledged.

The appellant is silent regarding the acquisition of the carrousel in good faith by defendant Harding and we agree

with the trial court that Harding acted in good faith. On this basis his right should be respected and protected.

The judgment appealed from must be

*Affirmed.*

Justices Wolf, Del Toro, Aldrey and Hutchison concurred.